**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JERRY DUNAGAN,

      Plaintiff,

      vs.                                      No. CIV 99-326 LH/RLP

HOLLY CORPORATION, and HARTFORD
LIFE AND ACCIDENT INSURANCE
COMPANY,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Hartford Life and Accident Insurance Company's Motion and Memorandum in Support of Motion for Judgment on the Pleadings (Docket No. 21), filed September 27, 1999. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds that the motion is well taken and shall be granted.

Plaintiff's first amended complaint makes factual allegations that attempt to state a claim for equitable estoppel that he paid insurance premiums to the Defendant Hartford under an ERISA plan for long term disability, that he became disabled, and that Defendant Hartford refused to afford him coverage. Defendant correctly argues that estoppel is not an appropriate basis for coverage under the law governing ERISA. *Miller v. Coastal Corp.*, 978 F.2d 622, 624 (10th Cir. 1992) (An employee benefit plan cannot be modified by informal communications regardless of whether those

communications are oral or written); *Averhart v. US West Mgmt. Pension Plan*, 46 F.3d 1480, 1486 (10th Cir. 1994) (Courts that have recognized estoppel claims in ERISA circumstances have done so only where the terms of a plan are ambiguous and the employer's communications constituted an interpretation of that ambiguity).

Plaintiff argues that estoppel can be used in this case because the employer interpreted a plan term or an ambiguous provision in the plan. However, Plaintiff does not establish an ambiguity that would be resolved by the allegations of estoppel, therefore Defendant's motion shall be granted.

**IT IS, THEREFORE, ORDERED** that Defendant Hartford Life and Accident Insurance Company's Motion and Memorandum in Support of Motion for Judgment on the Pleadings (Docket No. 21), filed September 27, 1999, shall be **granted** and Plaintiff's common law estoppel claims are hereby dismissed, however the remainder of Plaintiff's claims, at this juncture, are still in the case**.**

_____

**UNITED STATES DISTRICT JUDGE**