# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JERRY DUNAGAN,

      Plaintiff,

vs.                                                                           No. CIV 99-326 LH/RLP

HOLLY CORPORATION, and HARTFORD
LIFE AND ACCIDENT INSURANCE
COMPANY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Objections to Magistrate's [sic] Order Denying Discovery (Docket No. 54), filed June 21, 2000. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, finds that the objections shall be **sustained.** The Magistrate Judge's Order (Docket No. 53), filed June 8, 2000, shall be **vacated.**

### Procedural Setting

Plaintiff filed suit under the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* (ERISA), seeking, among other things, disability benefits that were denied to him by Defendant. Plaintiff filed a motion to compel written discovery from Defendant and a motion to take a noticed Rule 30(b)(6) deposition of Defendant. Defendant objected to the requested discovery on the basis that the only appropriate discovery is the claims file which Defendant previously disclosed. The Magistrate Judge denied both motions concluding that discovery matters that go beyond the

record before the claims decision maker would not be reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff then filed objections claiming that the Magistrate Judge's order denying discovery is contrary to law.

**Two Standards of Review under ERISA**

"[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  Discretionary actions of a fiduciary are reviewed under a arbitrary and capricious standard.  *Firestone*, 489 U.S. at 109-111; *see also Chambers v. Family Health Plan Corp.*, 100 F.3d 818, n.1 (1996 10th Cir.)(court reviews an administrator's decision under an arbitrary and capricious standard when an ERISA plan give the administrator discretion).

**Scope of Review Under *De Novo* Standard**

The Parties have not presented, nor has the Court found, any Tenth Circuit authority outlining the scope of review under a *de novo* standard.  In several, but not all, of the circuits, courts are permitted to consider evidence that was not before the plan administrator.  *See Heasley v. Belden & Blake Corp.*, 2 F.3d 1249, n.14 (3d Cir. 1993)(in reviewing the denial of benefits *de novo*, the district court can consider all the evidence introduced, not just the evidence before the plan administrator at the time it denied benefits); *Luby v. Teamsters Health, Welfare and Pension Trust Funds*, 944 F.2d 1176, 1184 (3d Cir. 1991)(court exercising *de novo* review is not limited to evidence before plan administrator); *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1026 (4th Cir. 1993)(district court in its discretion may allow evidence that was not before the plan administrator); *Casey v. Uddeholm Corp.*, 32 F.3d 1094, n.4 (7th Cir. 1994)(district court need not

limit the evidence which it may consider to that which was before the plan administrator); *Donatelli v. Home Ins. Co.*, 992 F.2d 763, 765 (8th Cir. 1993)(district court may allow the parties to introduce evidence in addition to that presented to the fiduciary); *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943 (9th Cir. 1995)(new evidence may be considered); *Moon v. American Home Assurance Co.*, 888 F.2d 86, 89 (11th Cir. 1989)(contention that a court conducting a *de novo* review must examine only such facts as were available to the plan administrator at the time of the benefits denial is contrary to the concept of a *de novo* review); *But see Perry v. Simplicity Engineering*, 900 F.2d 963, 967 (6th Cir. 1990)("The *de novo* standard of review . . . does not mandate or permit the consideration of evidence not presented to the administrator").

Jurisdictions that consider evidence not presented to the plan administrator sometimes limit the circumstances under which the new evidence will be considered.  *See Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1026 (4th Cir. 1993)(district court should exercise its discretion to allow new evidence only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review); *Donatelli v. Home Ins. Co.*, 992 F.2d 763, 765 (8th Cir. 1993)(district court may allow new evidence if it is necessary for adequate de novo review of the fiduciary's decision, but court should not exercise this discretion absent good cause to do so in order to keep court from becoming substitute plan administrator);  *Davidson v. Prudential Ins. Co. of America*, 953 F.2d 1093, 1095 (8th Cir. 1992)(court properly refused to consider additional evidence where evidence was known or should have been known during administrative proceedings); *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943 (9th Cir. 1995)(new evidence may be considered under certain circumstances to enable the full exercise of informed and independent judgment).

Circumstances which clearly establish that additional evidence is necessary to conduct an adequate *de novo* review include:  claims that require consideration of complex medical questions or issues regarding the credibility of medical experts;  the availability of very limited administrative review procedures with little or no evidentiary record;   the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts;  instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process. *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1027 (4th Cir. 1993).

**Scope of Review Under Arbitrary and Capricious Standard**

"In determining whether a plan administrator's decision was arbitrary and capricious, the district court *generally* may consider only the arguments and evidence before the administrator at the time it made that decision."  *Sandoval v. Aetna Life and Casualty Ins. Co.*, 967 F.2d 377, 380 (10th Cir. 1992)(emphsis added).   The Tenth Circuit is not alone; "[m]ost circuits have held that in reviewing decisions of plan administrators under the arbitrary and capricious standard, the reviewing court may consider only the evidence that the administrators themselves considered." *Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 823 (10th Cir. 1996)( *citing* 2d, 3d, 6th, 8th, 9th, and 11th Circuit cases).

In the Fifth Circuit, once the administrative record has been determined, the district court may not stray from it except for certain limited exceptions.  *Vega v. Nat'l Life Ins. Serv., Inc.*, 188 F.3d 287, 299 (1999).  Those exceptions have been related to either interpreting the plan or explaining medical terms and procedures relating to the claims. *Vega*, 188 F.3d at 299.  Evidence related to how

an administrator has interpreted terms of the plan in other instances is admissible.  *Vega*, 188 F.3d at 299.

**Discussion**

This Court must defer to the Magistrate Judge's ruling unless it is clearly erroneous or contrary to law.  *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).  The clearly erroneous standard requires that this Court affirm the Magistrate Judge's ruling unless this Court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed.  *Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1464 (10th Cir. 1988)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Magistrate Judge denied Plaintiff's motions on the basis that discovery of matters that go beyond the record before the claims decision maker are not reviewed by the trial judge and would not be reasonably calculated to lead to the discovery of admissible evidence.  This ruling ignores the limited exceptions recognized by many courts, particularly the exception relating to interpretation of terms in a plan.  In this case, Plaintiff alleges that the additional discovery is needed because the policy definition of "Total Disability" is ambiguous.  Evidence related to how an administrator has interpreted terms of the plan in other instances is admissible.  *See Vega v. National Life Ins. Services, Inc.*, 188 F.3d 287, 299 (5th Cir. 1999).  Plaintiff shall be allowed additional discovery; the additional discovery shall be limited to evidence relevant to the interpretation of the term "Total Disability."

**IT IS, THEREFORE, ORDERED** that Plaintiff's Objections to Magistrate's [sic] Order Denying Discovery (Docket No. 54), filed June 21, 2000 are **sustained.**  Plaintiff is allowed additional discovery which is limited to evidence relevant to the interpretation of the term "Total Disability."

**IT IS ALSO ORDERED** that the Magistrate Judge's Order (Docket No. 53), filed June 8, 2000, is **vacated.**


**UNITED STATES DISTRICT JUDGE**